FILED

APR 26 2019

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KMT_____,DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PAUL CASTANEDA,
    Petitioner,

v.                                CASE NO:   CIV-19-386-R

IMMIGRATION CUSTOMS ENFORCEMENT,
    Defendant.

## MOTION TO COMPEL AGENCY ACTION

Petitioner, hereby moves this Court for an injunction compelling the Immigration and Customs Enforcement Agency to act on Petitioner's detainer that has been lodged with the Oklahoma Department of Corrections. Petitioner invokes this Court's jurisdiction pursuant to 28 § 1331, because this Petition contains Federal questions.

## FACTS

1. Petitioner was convicted of Trafficking by an Oklahoma Court in 2014, and became deportable under 8 U.S.C. § 1227 in 2014.

2. The Department of Homeland Security and Immigaration and Customs Enforcement filed a detainer with Oklahoma Department of Corrections authorities in 2014.

## ARGUMENT AND SUPPORT

"The Administrative Procedure Act provides that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA further provides that the federal courts "shall...compel agency action unlawfully withheld or unreasonably delayed..." 5 U.S.C. § 706(1). Petitioner was convicted in 2014 of an aggravated felony. Thus, he became immediately deportable under 8 U.S.C. § 1228. The Immigration and Customs Enforcement filed a detainer with the Oklahoma Department of Corrections. Thus, the Petitioner has been waiting 5 years for the Immigration and Customs Enforcement to take agency action on his detainer.

This unreasonable delay violates the APA requirement that all agencies "shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The District of New Mexico held in 1999, that a Court may consider a challenge to delays in agency action under 5 U.S.C. § 555(b). *Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999)*. The crux of Petitioner's claim is that ICE has unreasonably delayed agency action by waiting 5 years to take action on Petitioner's ICE detainer.

"( C)ourts will exercise jurisdiction over a case such as this if the plaintiff has established (1) a clear duty owed to him or her by the agency; (2) a duty which is mandatory and not discretionary; and (3) a clear right to relief. *Hernandez-Avalos, 50 F. 3d at 844." Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999)*

A. Duty to the Plaintiff

In Hernandez, the 10th Circuit stated:

"(T)he essential inquiry in the zone of interests test in this circuit Is whether "Congress intended for a particular class of plaintiffs to be relied upon to challenge agency disregard of the law," and there need be "no indication of congressional purpose to benefit the would be plaintiff."

*Hernandez, 846-47.*

The Supreme Court in 1992 stated,

reasonable time. Because they have not acted within a reasonable amount of time, the Plaintiff has established a clear right to relief under 5 U.S.C. § 555(b).

## CONCLUSION

THEREFORE, Plaintiff moves this Court to order the Immigration and Customs Enforcement to take action on Plaintiff's ICE detainer as it has unreasonably delayed agency action in violation of 5 U.S.C § 555(b).

Respectfully Submitted,

*Paul Castaneda*

Paul Castaneda #751841
LCC-4D1-T
P.O. Box 260
Lexington, OK 73051